## United States District Court
## For the Eastern District of Kentucky
## Case No. _____

Everett Cash Mutual Insurance Company                                    Plaintiff

vs.                    **Complaint for Declaratory Relief**

Ramsey Farms, LLC                                                       Defendants

      Serve:    Barton Ramsey
                1261 Hwy 1546
                Monticello, KY 42633

Ramsey Livestock, LLC Serve:
                Barton Ramsey
                1261 Hwy 1546
                Monticello, KY 42633

Brittany Ramsey
      Serve:    Brittany Ramsey
                868 Tuggle Road
                Danville, KY 40422

Estate of Allen Shearer Ramsey
      Serve:    Christopher K. Herron
                Public Administrator
                430 W. Main St.
                PO Box 459
                Danville, KY 40423

Jake Pierce
      Serve:    Jake Pierce
                9639 Wood Gate Lane
                Byron, IL 61010

Eric Swanson
     Serve:   Eric Swanson
               12939 North Tower Road
               Byron, IL 61010

Chris Watson
     Serve:   Chris Watson
               17438 Willrett Road
               Malta, IL 60150

Mark Canant
     Serve:   Mark Canant
               57267 South 725 Road
               Colcord, OK 74338

East Tennessee Livestock Center, Inc.
     Serve:   Mark W. Houston
               Registered Agent
               2121 Highway 11 N
               Sweetwater, TN 37874-1869

---

      Everett Cash Mutual Insurance Company ("ECM") seeks Declaratory Relief against the Defendants, and states its Complaint as follows:

### The Parties

      1.     ECM is an insurance company formed under the laws of the State of Pennsylvania, with its statutory home office located at 10591 Lincoln Highway, Everett, Pennsylvania. ECM is authorized to sell insurance in the Commonwealth of Kentucky under Kentucky Department of Insurance Identification Number 750768.

      2.     Defendant Ramsey Farms, LLC, ("Ramsey Farms") is a limited liability company organized under the laws of the Commonwealth of Kentucky, having its principal office at P.O. Box 1351, Monticello, Kentucky 42633, and doing business in Boyle and Wayne Counties. Until his death in September 2016, Allen Shearer Ramsey (a resident of Boyle County, Kentucky) was the the sole member of Ramsey Farms, LLC.

3.      Ramsey Livestock, LLC, ("Livestock") is a limited liability company organized under the laws of the Commonwealth of Kentucky, having its principal office at P.O. Box 1351, Monticello, Kentucky 42633, and doing business in Boyle and Wayne Counties. The late Allen Ramsey was a member of Ramsey Livestock, LLC, along with his father, Barton Ramsey.

4.      Brittany Ramsey resides at 868 Tuggle Road, Danville, Kentucky, 40422. She is the widow of Allen Ramsey, and is involved in the operation of Ramsey Farms and Livestock.

5.      The Estate of Allen Shearer Ramsey ("Estate") has been opened in the Boyle District Court, Case No. 17-P-00017. The Boyle District Court appointed Christopher K. Herron as Public Administrator on February 7, 2017. The Estate, Ramsey Farms, Livestock, and Brittany Ramsey are referred to collectively as the "Ramsey Defendants."

6.      Jake Pierce resides in Byron, Illinois. He is a Plaintiff in the civil suit styled *Jake Pierce and Eric Swanson vs. Ramsey Farms, LLC and Ramsey Livestock, LLC and Estate of Allen Ramsey and Brittany Ramsey*, Boyle Circuit Court, 16-CI-00358, ("Pierce Complaint"). He has purposefully availed himself of the benefits of Kentucky law by filing the Pierce Complaint, and the Pierce Complaint admits that he conducts business in the Commonwealth of Kentucky.

7.      Eric Swanson also is a resident of Byron, Illinois, and is a Plaintiff in the Pierce Complaint. He has purposefully availed himself of the benefits of Kentucky law, and the Pierce Complaint admits that he conducts business in the Commonwealth of Kentucky.

8.      Chris Watson is a resident of Malta, Illinois, and is an Intervening Plaintiff in the Pierce Complaint. He has purposefully availed himself of the benefits of Kentucky law, and the Pierce Complaint admits that he conducts business in the Commonwealth of Kentucky.

9.      Mark Canant resides in Colcord, Oklahoma, and is the Plaintiff in the civil suit styled *Mark* Canant *vs. Ramsey Farms,* Wayne Circuit Court, 16-CI-00282 (the "Canant Complaint"). By order of the Boyle Circuit Court dated February 13, 2017, the

Canant Complaint has been consolidated with the Pierce Complaint. Mr. Pierce has purposefully availed himself of the benefits of Kentucky law, and the Pierce Complaint admits that he conducts business in the Commonwealth of Kentucky.

10.     East Tennessee Livestock Center, Inc. ("ETLC") is a corporation organized under the laws of the State of Tennessee, and is the Plaintiff in the civil suit styled *East Tennessee Livestock Center, Inc.,* Boyle Circuit Court, 16-CI-00411 ("ETLC Complaint"). ETLC has purposefully availed itself of the benefits of Kentucky law, and the ETLC lawsuit admits that it conducts business in the Commonwealth of Kentucky.

### The Controversy

11.     ECM insures Ramsey Farms under Farmowners Policy #FOP818867 (the "Policy"). A certified copy of the Policy is attached as Exhibit A, Bates stamped Ex. A 001-0128.

12.     Ramsey Farms, Livestock, Brittany Ramsey, and the Estate of Allen Ramsey (referred to collectively as the "Ramsey Defendants") have sought coverage under the Policy for the allegations stated in the Pierce Complaint and the Canant Complaint.

13.     Jake Pierce, Eric Swanson, Chris Watson,  Mark Canant, and ETLC (referred to collectively as the "Underlying Plaintiffs") have asserted or may assert an interest in the Policy, and are named as defendants in this case so they may assert any interest they may claim in its proceeds. ECM currently is defending the Ramsey Defendants in those actions under reservation of rights.

14.     An actual controversy exists regarding whether ECM owes coverage to the Ramsey Defendants under the Policy, and ECM seeks a declaration of its rights pursuant to 28 U.S.C. §§ 2201 and 28 U.S.C. §§ 2202 that is binding against all defendants to this action.

15.     The Pierce Complaint (a copy of which is attached as Exhibit B) alleges:

        a.     That Jake Pierce ("Pierce") and Eric Swanson ("Swanson") are in the business of buying and selling cattle.

   b. That Pierce and Swanson contracted with the Ramsey Defendants to board, care for, and maintain cattle owned by them, or owned jointly by them with the Ramsey Defendants.

   c. That the Ramsey Defendants breached that contract.

   d. That the Ramsey Defendants breached fiduciary duties owed to Pierce and Swanson.

   e. That the Ramsey Defendants converted cattle owned by Pierce and Swanson, or owned by them jointly with the Defendants, and has failed to remit the proceeds of the sale of those cattle to Pierce or Swanson.

   f. That the Ramsey Defendants negligently breached contractual duties to care for and maintain cattle purchased for and owned by Pierce and Swanson, or owned by them jointly with the Ramsey Defendants.

   g. That Pierce and Swanson are entitled to the equitable remedies of replevin, and injunctive relief against the Ramsey Defendants.

   h. That Pierce is entitled to judgment in the amount of $441,613.58, plus pre-judgment and post-judgment interest against the Ramsey Defendants.

   i. That Swanson is entitled to judgment for $130,229.46, plus pre-judgment and post-judgment interest against the Ramsey Defendants.

  16. Chris Watson's Intervening Complaint in the Pierce Complaint (a copy of which is attached as Exhibit C) alleges:

   a. That Chris Watson ("Watson) is in the business of buying and selling cattle.

   b. That Watson contracted with the Ramsey Defendants to board, care for, and maintain cattle owned by him, or owned jointly by him with the Ramsey Defendants.

   c. That the Ramsey Defendants breached that contract.

   d. That the Ramsey Defendants breached fiduciary duties.

e.      That the Ramsey Defendants converted cattle owned by Watson, or owned by him jointly with the Ramsey Defendants, and has refused to remit the proceeds from the sale of those cattle to Watson.

f.      That the Ramsey Defendants negligently breached contractual duties to care for and maintain cattle purchased for and owned by Watson, or owned by him jointly with the Ramsey Defendants.

g.      That Watson is entitled to the equitable remedies of replevin, and injunctive relief against the Ramsey Defendants.

h.      That Watson is entitled to judgment in the amount of $552,384.55, plus pre-judgment and post-judgment interest against the Ramsey Defendants.

17.    The Canant Complaint (a copy of which is attached as Exhibit D) alleges:

a.      That Mark Canant ("Canant") is in the business of buying and selling cattle.

b.      That Canant made an oral contract with Ramsey Farms under which Ramsey Farms was to oversee the buying and selling of cattle as agent for Canant; was to hold the proceeds of cattle sales in trust for Canant's benefit; was to feed and care for Canant's cattle on Ramsey Farms' property or in its possession; and was to administer medication to cattle.

c.      That Ramsey Farms breached that contract.

d.      That the Ramsey Defendants breached fiduciary duties

e.      That Ramsey Farms negligently breached contractual duties owed to Canant.

f.      That Ramsey Farms converted cattle owned by Canant, and has refused to remit the proceeds from the sale of that cattle to Canant.

18.    The ETLC Complaint (Exhibit E) alleges:

a.      That ETLC is in the business of selling cattle.

   b. That Allen Ramsey entered into an oral contract to buy cattle from ETLC, and agreed to pay $103,905.76 on September 26, 2016, but failed to do so, and has continued to fail to make payment.

   c. That Ramsey Farms and Allen Ramsey breached the oral contract for the purchase of cattle.

   d. That Allen Ramsey committed fraud by making knowing misrepresentations with the intent to induce ETLC to enter into the oral contract, entitling ETLC to pierce the corporate veil of Ramsey Farms and recover against the Estate of Allen Ramsey.

   e. That Ramsey Farms and the Estate of Allen Ramsey are liable for punitive damages.

19. ECM relies upon all provisions of the Policy as if set forth fully herein.

20. The Policy has a limit of $500,000 per "claim" and $1,000,000 aggregate. (Exhibit A, p. 002).

21. The Policy provides Commercial Liability Coverage under form GL-610 (Exhibit A, pp. 079-094).

22. The Commercial Liability Coverage promises to pay sums that the "insured becomes legally obligated to pay as damages due to bodily injury or property damage to which this insurance applies."(Exhibit A, p. 083). The bodily injury or property damage must result from an "occurrence." (Id.)

23. None of the Underlying Plaintiffs allege bodily injury.

24. The Commercial Liability Coverage defines "occurrence" as "an accident," including "repeated exposure to similar conditions." (Exhibit A, p. 081, ¶ 12.).

25. The Commercial Liability Coverage defines "property damage" as "physical injury or destruction of tangible property," or the loss of use of tangible property that is not physically damaged.  (Exhibit A, p. 082, ¶ 16.).

26. The Policy excludes:

      a.    Property damage claims "expected by, directed by, or intended" by the insured, or resulting from "intentional and malicious acts" of the insured. (Ex. A, p. 085, Exclusions, ¶ 1).

        b.   Damage to "either business or non-business personal property in the care, custody, or control of an 'insured.'" (Ex. A., p. 088, Additional Exclusions that Apply Only to Property Damage, ¶ 4).

        c.   Damage to property that has not been physically injured or destroyed, if the damage arises from a delay or failure in performing a contract. (Id., p. 088, ¶ 8.a.).

        d.   Punitive or exemplary Damages. (Endorsement GL-10, Ex. A., p. 128.).

### Jurisdiction and Venue

    27.    ECM brings this action pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment regarding its rights and obligations, if any, under its Policy.

    28.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship exists between the plaintiff and the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court has personal jurisdiction over the defendants.

        a.   Resolution of this coverage dispute would settle the controversy of whether ECM owes any duty to any of the Ramsey Defendants or any of the Underlying Plaintiffs.

        b.   Resolution of this coverage dispute would clarify the legal relations between the parties. This action involves the application of the terms of ECM's Policy to the facts as alleged in the Underlying Plaintiffs' Complaints. Under Kentucky law, the coverage decision must be made based on the facts alleged; thus, this Court is not required to decide factual issues to resolve the legal question of coverage.

        c.   The issue of insurance coverage is not before the Kentucky court where the Underlying Plaintiffs have filed suit.

        d.   The conduct the Underlying Plaintiffs have alleged against the Ramsey defendants does not involved novel issues of Kentucky law. All of their Complaints allege conversion, breach of contract, breach of fiduciary duties, fraud, and negligent breach of

contract. They also seek the equitable remedy of replevin, and ask for injunctive relief. Kentucky has settled law governing coverage for most or all of these issues.

29.     Venue is proper in this district under 28 U.S.C. § 1391, as the Ramsey Defendants reside in this district, the foreign defendants transacted business within this district, and most of the events from which this claim arises occurred in this district.

## COUNT I

### Declaratory Judgment that the Policy does not cover the Ramsey Defendants because the Underlying Plaintiffs do not plead a Fortuitous Loss

30.     Under Kentucky law, the concept of fortuity is inherent in every liability policy that is triggered by an accident occurrence.

31.     Under Kentucky law, the concept of fortuity implies two aspects: intent and control. If an insured either intended the conduct that caused a loss, or if the insured controlled the circumstances that caused the loss, the loss is not

covered because of a lack of fortuity.

32.     The Underlying Plaintiffs allege that intentional conduct led to their losses, or that their losses resulted from the Ramsey Defendants' control over the circumstances that caused those losses.

33.     ECM is entitled to a judgment declaring that it owes no further duty to defend the Ramsey Defendants against the allegations in the complaints by the Underlying Plaintiffs.

34.     ECM is entitled to a judgment declaring that it owes no duty to indemnify the Ramsey Defendants for any damages that may be awarded to the Underlying Plaintiffs in their complaints against the Ramsey Defendants.

## COUNT II

### Declaratory Judgment that the Underlying Plaintiffs' claims arise from breach of contract, and are not covered under the Policy.

35.     Under Kentucky law, breach of contract claims are not covered by liability policies.

36.     The Underlying Plaintiffs' claim that some or all of the Ramsey Defendants breached contracts with them.

37.     To the extent that Underlying Plaintiffs claim a "negligent breach of contract," they allege the breach of contractual duties, not common law duties; thus, their claims arise from an uncovered breach of contract.

38.     To the extent that Underlying Plaintiffs claim a breach of fiduciary duties, those duties arise from a contractual relationship; thus, the Underlying Plaintiffs' claims arise from an uncovered breach of contract.

39.  ECM is entitled to a judgment declaring that it owes no duty to defend or indemnify on any of Plaintiff's claims, as they all arise from breach of contract.

## COUNT III
### Declaratory Judgment that the Underlying Plaintiffs' claims are for Restitution, which does not constitute covered damages.

40.     The Policy agrees to pay sums that the insured becomes obligated to pay, as damages, because of bodily injury or property damage.

41.     The Underlying Plaintiffs essentially seek a return of their property, or the value of that property, from the Ramsey Defendants. Claims for the return of converted property, or for the value of that property, are in the nature of restitution.

42.     Under Kentucky law, restitution is not damages.

43.     ECM is entitled to a judgment that it owes no duty to defend or indemnify the Ramsey Defendants against the Underlying Plaintiffs' claims for restitution.

## COUNT IV
### Declaratory Judgment that the Underlying Plaintiffs' claims do not constitute "property damage."

44.     The Policy agrees to pays sums that the insured becomes obligated to pay, as damages, resulting from bodily injury or "property damage."

45.     The Underlying Plaintiffs do not allege bodily injury.

46.     Nor do the Plaintiffs allege "property damage" as that term is defined in the Policy and recognized by the law.

47.     ECM is entitled to a judgment that it owes no duty to defend or indemnify the Ramsey Defendants against the Underlying Plaintiffs' claims because they do not allege a loss falling within the insuring agreement of the Policy.

## COUNT V
### Declaratory Judgment that the Policy excludes the losses claimed by the Underlying Plaintiffs

48.     The Policy contains several exclusions that would bar coverage in this case. Under Kentucky law, there is no coverage if any exclusion applies.

49.     The Policy excludes property damage claims that are "expected by, directed by, or intended" by the insured. If the Court finds that the Underlying Plaintiffs' claims in this case constitute "property damage," those claims are excluded because the Ramsey Defendants' conduct alleged by the Underlying Plaintiffs was intentional.

50.     The Policy excludes claims for the loss of business or non-business personal property in the care, custody, or control of an insured. The Underlying Plaintiffs alleged that their cattle were in the care, custody, and control of the Ramsey Defendants. Their claims are excluded for that reason.

51.     The Policy excludes claims for damage to property that was not physically injured or destroyed, if the damage arises from a delay or failure in performing a contract. The Underlying Plaintiffs do not allege that their property was physically injured or destroyed. To the extent that the Court may find that the Ramsey Defendants' conduct caused "property damage" to the Underlying Plaintiffs' property, the Underlying Plaintiffs allege that damage arose from the delay or failure of the Ramsey Defendants to perform their contractual duties, meaning they are excluded.

52.     The Policy excludes claims for punitive damages.

53.     ECM is entitled to a judgment that it owes no duty to defend or indemnify the Ramsey Defendants against the Underlying Plaintiffs' claims because those claims are excluded by the Policy.

**Count VI**

**Declaratory Judgment whether Brittany Ramsey and Livestock are insureds**

54.     Ramsey Farms is the named insured under the Policy.  Newly-acquired or newly-formed organizations may be insured under certain circumstances, but only for 90 days after their formation, and only for injury that occurred before the formation of the new organization.

55.     The Underlying Plaintiffs who alleged claims against Livestock do not allege when Livestock was formed.

56.     Should the evidence show that Livestock does not meet the qualifications to be an insured, ECM is entitled to judgment that it owes no duty to defend Livestock against any of the claims of the Underlying Plaintiffs, and that it owes no duty to indemnify Livestock for any judgment that may be taken against it by the Underlying Plaintiffs.

57.     Brittany Ramsey is not a named insured under the Policy, and may not meet the definition of "insured" as it is used in the Policy. ECM may also be entitled to judgment that it owes no duty to defend or indemnify her for that reason.


Wherefore, ECM respectfully requests:

1.     Judgment against the Ramsey Defendants that it owes no duty to defend them or indemnify them against the claims of the Underlying plaintiffs;

2.      Judgment against the Underlying Plaintiffs that it has no duty to pay any judgment they may obtain against the Ramsey Defendants in the civil actions identified above; and

3.     Any and all other relief to which they may appear to be entitled.

Respectfully submitted,


 */s/Barry M. Miller*

_____
Barry Miller
Christina L. Vessels
Mazanec, Raskin & Ryder Co., LPA

230 Lexington Green Circle, Ste. 605
Lexington, KY 40503
(859) 899-8499
(859) 899-8498 (facsimile)
*BMiller@MRRLaw.com*
*CVessels@MRRLaw.com*